**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| DANY TURPIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CLEVELAND-CLIFFS SOUTH CHICAGO & INDIANA ) <br> HARBOR RAILWAY INC., ) <br> ) <br> Defendant. ) | Court No. 22 CV 104 |

**COMPLAINT AT LAW**

NOW COMES, the Plaintiff, DANNY TURPIN, by and through his attorneys, George Brugess and Bradley Barker of COGAN & POWER, P.C., and complaining of defendant, CLEVELAND-CLIFFS SOUTH CHICAGO & INDIANA HARBOR RAILWAY INC., and brings this cause of action under the Federal Employers' Liability Act 45 U.S.C. § 51, *et seq*. ("FELA") for the personal injuries and other damages that he sustained on December 16, 2021. In support thereof, the plaintiff respectfully states:

1. On December 16, 2021, the defendant, CLEVELAND-CLIFFS SOUTH CHICAGO & INDIANA HARBOR RAILWAY INC. (hereinafter referred to as "SCIH") was a foreign corporation, duly organized and existing under the laws of the State of Delaware.

2. On December 16, 2021, defendant, CLEVELAND-CLIFFS SOUTH CHICAGO & INDIANA HARBOR RAILWAY INC., was doing business as a common carrier, engaged in interstate commerce by rail in various states of the United States, including the State of Indiana.

3. On December 16, 2021, the plaintiff, DANNY TURPIN, was employed by the SCIH as a Conductor.

4. On December 16, 2021, DANNY TURPIN was working on a crew in a railroad yard owned and operated by SCIH in or near East Chicago, Indiana.

5. On December 16, 2021, DANNY TURPIN sustained personal injuries while performing his assigned duties as a Conductor for the SCIH.

6. At the time and place aforesaid, the SCIH was a railroad employer, engaged in interstate commerce by rail, and was subject to and governed by the Federal Employers' Liability Act, Title 45 U.S.C. §§ 51-60 ("FELA").

7. Subject matter jurisdiction for plaintiff's injury claim against the SCIH exists in this Court under the FELA, which vests jurisdiction in state and federal courts for injuries sustained by railroad employees engaged in interstate commerce. 45 USC §51; 45 USC §56 and 28 USC §1331.

8. Venue for this claim exists in the United States District Court for the Northern District of Indiana, Hammond Division, pursuant to 28 USC §1391(b).

9. At said place and time, as part of plaintiff's employment duties, and in furtherance of SCIH business, plaintiff was engaged in protecting a shove movement by riding on the side of the lead railcar in the movement. During the movement, another railcar in the train picked a defective railroad track switch causing the movement to come to an abrupt stop, thereby causing plaintiff to sustain serious injury.

10. Plaintiff was acting at all times alleged herein within the scope of his employment for defendant SCIH, and it was defendant's duty to plaintiff to exercise ordinary care to furnish plaintiff with a reasonably safe place in which to work; to exercise ordinary care to use reasonably safe methods in its switching operations; to have taken measures to have its railroad track switches in proper working order; to have its railroad track switches lubricated and repaired; to have heeded

reports and complaints of employees that said switch was defective prior to plaintiff sustaining injury; to have warned plaintiff of the condition of the switch when it had notice of its neglected condition and need of servicing; and to comply with Code of Federal Regulations, *49 C.F.R. Part 213-Track Safety Standards*, so as to avert injury to plaintiff at said time and place.

11. Defendant SCIH, notwithstanding its duties to plaintiff, was careless and negligent in one or more of the following particulars and thereby contributed in whole or in part to cause injuries to plaintiff:

   a. In failing to exercise ordinary care to furnish plaintiff with a reasonably safe place in which to work;

   b. In failing to exercise ordinary care by not adopting inspection protocols consistent with the switch manufacturer's recommendations;

   c. In failing to adequately inspect the switches it required plaintiff to work with;

   d. In failing to adequately maintain the switches it required plaintiff to work with;

   e. In failing to have taken measures to have said switch cleaned, lubricated and repaired when it knew or should have known and foreseen that plaintiff would be subjected to jeopardy of injury attempting to operate over the switch;

   f. In failing to heed employee complaints regarding the condition of said switch, and in failing to take remedial measures to correct same;

   g. In failing to warn plaintiff when a timely warning would have averted injury to him; and

   h. In failing to comply with and in violating the Code of Federal Regulations, *Part 213-Track Safety Standards, §213.135 Switches, and other related regulations*.

12. At the time and place aforesaid, the plaintiff, DANNY TURPIN sustained injuries of a personal and pecuniary nature, and sustained other recoverable damages supported by the

evidence and permitted by law, all resulting, in whole or in part, from one or more violations by the SCIH of the Federal Employers' Liability Act.

13. The SCIH is strictly liable for TURPIN's injuries, without any claim for contributory negligence, due to the SCIH's violation of federal safety regulations. 45 USC §53, 54a.

14. The SCIH cannot assert a defense that plaintiff, TURPIN, assumed the risk of his employment as it is barred by statute in a FELA action. 45 USC §54.

WHEREFORE, the Plaintiff, DANNY TURPIN, seeks judgment against the defendant, CLEVELAND-CLIFFS SOUTH CHICAGO & INDIANA HARBOR RAILWAY INC., in an amount the court and the jury shall deem proper as compensatory damages, plus the costs of this lawsuit and other recoverable damages permitted by law.

Respectfully Submitted,

By: */s/ George Brugess*
One of Plaintiff's Attorneys

George Brugess
Bradley N. Barker
COGAN & POWER, P.C.
One East Wacker Drive, Suite 510
Chicago, Illinois 60601
(312) 477-2500
(312) 477-2501 (Fax)
gbrugess@coganpower.com
bbarker@coganpower.com
Asst.: mreid@coganpower.com